IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BROADCAST MUSIC, INC. *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) CA 04-1711 |
| MILLER ASSOCIATES, INC., d/b/a AUGGIE'S ROADHOUSE, MICHAEL MILLER and ROBERT RIZZO, each individually, | ) ) ) ) ) |
| Defendants. | ) ) |

## OPINION

COHILL, D.J.

Plaintiff Broadcast Music, Inc. ("BMI") has filed this action for copyright infringement in violation of 17 U.S.C. § 101 *et seq.* ("the Copyright Act") on its own behalf and on behalf of the other Plaintiffs who own the copyrights which are the subject of this lawsuit. Claims are asserted against Miller Associates, Inc., d/b/a Auggies's Roadhouse, and individual Defendants Michael Miller and Robert Rizzo. Plaintiffs seek an injunction against further infringement, and statutory damages for each of fifteen copyright infringements, along with costs, fees, and interest.

Before the Court is Plaintiffs' motion for summary judgment (Doc. 13), which was filed with a concise statement of material facts and supporting memorandum, and Defendant's response in opposition (Doc. 25). Defendants have not provided a concise statement of material facts.

We have jurisdiction under 28 U.S.C. § 1338(a).

For the reasons set forth below, we will grant summary judgment in favor of the Plaintiffs and against the Defendants.

### I. BACKGROUND

Under the Copyright Act, owners of copyrights in musical compositions possess the exclusive right to authorize public performances. 17 U.S.C. § 106. Plaintiff BMI is a

"performing rights society" which licenses the right to publicly perform copyrighted musical works on behalf of the owners of the copyrights. 17 U.S.C. § 101. BMI has been granted the right to license public performance rights in approximately 4.5 million copyrighted musical compositions (the "BMI repertoire"), including those which are the subject of this action. (Compl. at ¶ 3 and attached list of musical titles; Saffer Aff. at ¶ ¶ 4, 5 and Ex. A (registration certificates issued by the U. S. Copyright Office)). The holders of the copyrights of the musical compositions at issue here are joined as Plaintiffs. (Compl. at ¶ 4).

Plaintiffs and the allegedly infringed compositions are as follows:

| Plaintiff | Composition |
| --- | --- |
| Fantasy, Inc. d/b/a Jondora Music | Bad Moon Rising |
| Songs of Universal, Inc. | Devil Went Down to Georgia a/k/a The Devil Went Down to Georgia |
| Fantasy, Inc. d/b/a Jondora Music | Fortunate Son |
| Universal - Duchess Music Corp; EMI Virgin Songs, Inc. d/b/a EMI Longitude Music | Gimme Three Steps |
| Screen Gems-EMI Music, Inc. | Hooked On A Feeling |
| Screen Gems-EMI Music, Inc.; Dale Cecil Morris d/b/a Dale Morris Music; Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing | If You're Gonna Play in Texas a/k/a You Gotta Have A Fiddle in The Band |
| Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing | Mountain Music |
| Loco De Amor Music Inc. | Lightning Crashes |
| EMI Blackwood Music, Inc.; Scarlet Moon Music Inc.; Barry DeVorzon d/b/a Jelinda Music | She Thinks My Tractor's Sexy |
| Songs of Universal, Inc; Bradley Kirk Arnold, Robert Todd Harrell, Matthew Darrick Roberts and Christopher Lee Henderson, a partnership d/b/a Escatawpa Songs | Loser |
| Toby Keith Covel d/b/a Tokeco Tunes; Universal-Songs of Polygram International, Inc. | Should've Been A Cowboy |

| | |
|---|---|
| Toby Keith Covel, an individual d/b/a Tokeco Tunes | Who's Your Daddy? |
| Songs of Universal, Inc.; Bradley Kirk Arnold, Robert Todd Harrell, Matthew Darrick Roberts and Christopher Lee Henderson, a partnership d/b/a Escatawpa Songs | When I'm Gone |
| Sony/ATV Songs LLC d/b/a Sony/ATV Acuff Rose Music | No Shoes No Shirt No Problems a/k/a No Shoes No Shirt (No Problems) |
| Sony/ATV Songs LLC d/b/a Sony/ATV Tree Publishing; Big Yellow Dog, LLC d/b/a Big Yellow Dog Music; Toby Keith Covel, and individual d/b/a Tokeco Tunes | I Love This Bar |

As a performing rights society, BMI acquires non-exclusive public performance rights from copyright holders, and grants music users such as concert halls, restaurants, nightclubs and hotels, the right to publicly perform any of the works in the BMI repertoire through blanket license agreements. (Saffer Aff. at ¶ 2). BMI operates as a non profit-making music performing rights organization. After deducting operating expenses and reasonable reserves, it distributes all of the money it collects in license fees from music users as royalties to its affiliated publishers and composers. (Saffer Aff. at ¶ 5).

Defendant Miller Associates, Inc., owns and operates Auggie's Roadhouse, which is located at 1180 Mapleview Drive, Washington PA 15301. (Defs.' Ans. at ¶ 5). Defendants Michael Miller and Robert Rizzo are officers of Miller Associates. They have primary responsibility for the operation and management of the company, and have the right and ability to supervise its activities. Each has a direct financial interest in the company. (Defs.' Ans. at ¶¶ 7-9).

Auggie's Roadhouse uses both live and recorded music. (Stevens' Aff. at ¶ 3). The establishment has a jukebox on the premises, which is unlicensed by BMI. ((Stevens' Aff. at ¶ 4). Auggie's Roadhouse asserts that this is a prelicensed jukebox. (Defs.' Ans. at ¶ 11). However, BMI has no specific record of a licensed jukebox at this location. ((Stevens' Aff. at ¶

4).

BMI routinely sends license agreements and information explaining the need to obtain permission from copyright owners in order to lawfully perform copyrighted music in their establishments, to proprietors of establishments such as Auggie's Roadhouse. (Stevens' Aff. at ¶ 2).

Between February 11, 2002 and April 8, 2004, BMI Assistant Vice-President for General Licensing, Lawrence Stevens, repeatedly informed the Defendants that they needed to obtain permission for public performances of copyrighted music. BMI offered to enter into a license agreement with the Defendants, who refused. (Stevens' Aff. at ¶ 2). Twenty-one letters were sent to the Defendants regarding this issue. (Stevens' Aff. at ¶ 2, Ex. 1 (letters)).

By letter from Lawrence Stevens dated June 23, 2003, BMI instructed the Defendants to cease public performances of its licensed music. That letter informed Defendants that continued used would result in copyright infringement:

> Since you have refused to enter into a license agreement with BMI, this shall serve as formal notice to you that effective this date, you must cease all use of BMI licensed music in your business or organization. The continued use of music in the BMI repertoire without authorization will result in copyright infringement.

((Stevens' Aff. at ¶ 2, Ex. 1 letter dated 6/23/03).

Unlicensed public performances of the BMI repertoire continued. A BMI investigator, Susan Hamburger, visited Auggie's Roadhouse on the evenings of December 4 and 5, 2003. (Stevens' Aff. at ¶ 6). A disc jockey selected the music on December 4, and a live band, Pure Country, performed on December 5. Hamburger reported that the fifteen BMI-licensed compositions at issue in this litigation were performed during those two evenings. (Stevens' Aff. Ex. 2, 3).

This action was filed on November 10, 2004. Defendants' answer was served on May 6, 2005. Plaintiffs' First Request for Admissions was served on July 12, 2005. (Saffer Aff. Ex. B). Defendants failed to respond to the request for admissions, and Plaintiffs have now filed

4

for summary judgment.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Childers v. Joseph*, 842 F.2d 689 (3d Cir. 1989). "Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of establishing an absence of evidence to support an element of the non-moving party's claim. *Celotex*, 477 U.S. at 325. The non-moving party must then go beyond the pleadings and come forward with affirmative evidence, by affidavit or other information in the factual record, to show that a genuine issue of material fact remains for trial. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57; *Williams v. West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989).

A "genuine issue" is one in which the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-49 (1986). A fact is "material" if it might affect the outcome of the suit under the applicable rule of substantive law. *Id.* A court considering summary judgment must examine the entire record in the light most favorable to the non-moving party, and draw all reasonable inferences in its favor. *Id.* at 255. However, Rule 56 "does not permit a party resisting the motion to rely merely upon bare assertions, conclusory allegations or suspicions." *Fireman's Insurance Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). The non-moving party must demonstrate the existence of a material fact by supplying sufficient evidence for a reasonable jury to find in its favor.

## III. ANALYSIS

Under the Copyright Act, 17 U.S.C. § 100 *et seq.*, any person who violates the exclusive

rights of the copyright owner is an infringer of the copyright. 17 U.S.C. § 501(a). Section 106 of the Act gives the owner of a copyrighted musical composition the exclusive rights to perform the work publicly and to authorize the public performance of the work. The owner of the copyright may assign the licensing of public performances to others, such as Plaintiff BMI.

To establish a claim for copyright infringement, Plaintiffs must show (1) originality and authorship of the copyrighted works involved; (2) compliance with the formalities of the Copyright Act; (3) proprietary rights in the copyrighted works involved; (4) public performance of the compositions involved; and (5) lack of authorization for public performance. *Broadcast Music, Inc. v. Pine Belt Inv. Developers, Inc.*, 657 F.Supp. 1016, 1020 (S.D. Miss 1987); *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F.Supp. 629, 632 (D.N.H. 1986); *Blendingwell Music, Inc. v. Moor-Law, Inc.*, 612 F.Supp. 474, 479-80 (D.Del. 1985). A copyright registration certificate issued from the United States Copyright Office is *prima facie* evidence of the validity of the party's copyright and of the facts stated in the certificate, including copyright ownership. 17 U.S.C. § 401 (c).

The complaint in this matter, along with the Saffer affidavit and attached documents, establish the first three elements of Plaintiffs' claim. The Schedule filed as part of the complaint provides the title of each musical composition the writer, publisher, date(s) of copyright registration, and registration numbers. (Compl. Schedule A; Saffer Aff. at ¶ 4). Saffer Affidavit Exhibit A provides copies of each registration certificate. These documents show the originality and authorship of the compositions, compliance with the formalities of the Copyright Act, and the proprietary rights of these works. Moreover, by refusing to respond to Plaintiffs' requests for admissions number 30, 32, 34, and 36, Defendants are deemed to have admitted these three elements. *Pine Belt Investment Developers*, 667 F.Supp. at 1018. In addition, by their failure to respond to number 31, 33, 35, and 37, Defendants have admitted that they can produce no evidence to counter Plaintiffs' proof of these elements.

The fourth element of a claim of copyright infringement, public performance of the

compositions at issue, is established by the certified infringement reports prepared for BMI by Susan Hamburger. These reports, which log the name and time of each performance and whether it was by disc jockey or a live band, are attached to the Stevens Affidavit. Furthermore, by their failure to respond to admissions numbers 26 and 28, Defendants admit that the compositions listed on the Schedule were performed, and that there is no evidence that they were not performed.

Lack of authorization for public performance of these compositions is established by the Stevens affidavit. Stevens attests that the Defendants did not enter into a license agreement with BMI, and the performances were unauthorized. By their failure to respond to requests for admissions numbers 39 through 61, Defendants are deemed to have admitted that they were not licensed to play the BMI repertoire on December 4 and 5, 2003, and that they received correspondence from BMI which included the letter dated June 23, 2003, instructing them to cease unauthorized performances of BMI-licensed music at Auggie's Roadhouse.

We conclude that the Plaintiffs have set forth the elements of a copyright infringement claim.

To defeat summary judgment when the elements of a *prima facie* case have been established, the party opposing the motion must come forward with affirmative evidence, by affidavit or other evidence in the record, showing that a material issue of fact remains for trial. Defendants have not met their burden. Indeed, the two-page, bare-bones response to Plaintiffs' motion merely asserts that "one or more issues of fact arise from evidence in the record which controverts the evidence cited in support of Plaintiffs' motion." (Defs.' Br. Doc. 25 at ¶ 4).

We agree with the Plaintiffs that Defendants' submission fails to meet the requirements of Federal Rule of Civil Procedure 56 (e), which states that a party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of the adverse party's pleading" but must rely on affidavits or other record evidence to show that disputed issues of material fact remain for trial. Defendants' submission is conclusory at best.

Defendants fail to cite to any authority for any legal proposition. Defendants do not show that disputed issues of material fact remain for trial – indeed, they cannot, since they fail to point to **any** evidence of record to support their position.

Defendants' response simply asserts that Auggie's Roadhouse operates a pre-licensed jukebox which is either not subject to the copyright laws or which has already been licensed; that Defendants have no control over music played by any independent contractor disc jockeys; and that they did not receive adequate warnings and were not contacted regarding being licensed to play the BMI repertoire. These unsupported statements cannot defeat summary judgment.

Defendants' statement that the jukebox at Auggie's Roadhouse is either not subject to the copyright laws or has been licensed is unsupported by any law or evidence. In addition, the record shows that the compositions in question were **not** played from a jukebox, but were performed by a live band one evening and played by a disc jockey on the other.

Defendants' assertion that it has no control over the content of the musical compositions chosen and played by disc jockeys does not absolve them of liability for copyright infringement. It is well settled that under copyright law a "defendant is vicariously liable for copyright infringement if it has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 925 (2005). *See, also AT&T Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1441 (3d Cir. 1994 (quoting *Gershwin Publishing Corp. v. Columbia Artists Mgmt, Inc.*, 443 F.2d 1159, 1161-62 (2d Cir. 1971)); *Shapiro, Bernstein & Co. v. H.L. Green Co.*, 316 F.2d 304, 307 (2d Cir. 1963); *Dreamland Ball Room, Inc. v. Shapiro, Bernstein & Co.*, 36 F.2d 354, 355 (7th Cir. 1929) (dance hall owner liable for copyright violations by band hired to entertain paying customers). The federal courts have long held that vicarious liability applies to corporate and individual defendants such as Miller and Rizzo in cases such as this. *See, e.g. Shapiro*, 316 F.2d at 307 (explaining that "cases are legion which hold the dance hall proprietor

liable for the infringement of copyright resulting from the performance of a musical composition by a band or orchestra whose activities provide the proprietor with a source of customers and enhanced income"); *KECA Music, Inc. v. Dingus McGee's Co.*, 432 F.Supp. 72, 74-75 (W.D.Mo. 1977). An owner or corporate officer of a place of public entertainment is liable for permitting unlicensed use of musical compositions at the establishment, and this is so even if the proprietor has directed that unlicensed music not be played. *Southern Nights Music Co. v. Moses*, 669 F.Supp. 305, 306 (C.D. Cal. 1987); *Boz Scaggs Music v. KND Corp.*, 491 F.Supp. 908, 913 (D.Conn. 1980); *Warner Brothers v. O'Keefe*, 468 F.Supp. 16, 20 (S.D. Iowa 1977). Lack of knowledge, either that particular compositions are subject to the copyright laws or of the music being played, is not a defense to copyright infringement. *Southern Nights*, 669 F.Supp. at 306 (citing *Chess Music v. Sipe*, 442 F.Supp. 1184 (D.Minn. 1977).

Miller Associates, Inc., the corporate defendant in this action, is liable for the copyright infringements at Auggie's Roadhouse under the agency rule of *respondeat superior*. *Blendingwell Music, Inc. v. Moor-Law, Inc.*, 612 F.Supp. 474, 481 (D.Del. 1985) (citing *Famous Music Corp. v. Bay State Harness Horse Racing & Breeding Assoc.*, 554 F.2d 1213, 1214-15 (1st Cir. 1977)).

Defendants Michael Miller and Robert Rizzo admit that they are officers of the corporation, Miller Associates, Inc., have primary responsibility for the operation and management of the company, and have the right and ability to supervise its activities. Each has a direct financial interest in the company. (Defs.' Ans. at ¶¶ 7-9). Defendants have cited to no contrary authority on this issue, and have failed to point to any evidence from which a reasonable fact finder could find that a disputed issue of material fact remained for trial. We conclude that all Defendants are vicariously liable for copyright infringement for the music played at Auggie's Roadhouse.

Finally, Defendants' position that they did not receive adequate warnings and were not contacted regarding being licensed to play the BMI repertoire is simply belied by Plaintiffs'

evidence. The record shows that between February 11, 2002 and April 8, 2004, BMI Assistant Vice-President for General Licensing, Lawrence Stevens, repeatedly informed the Defendant that they needed to obtain permission for public performances of copyrighted music. BMI offered to enter into a license agreement with the Defendants, who refused. (Stevens' Aff.). Twenty-one letters were sent to the Defendants regarding this issue, including the June 23, 2003 letter telling Defendants to cease the unauthorized use of the BMI repertoire. (Stevens' Aff. at ¶ 2, Ex. 1 (letters)). Defendants have offered no contradictory evidence, and have failed to raise a disputed issue of material fact for trial.

Accordingly, we find that the Defendants are jointly and severably liable to the Plaintiffs for damages for copyright infringement for each of the fifteen infringing performances, and we will grant summary judgment in favor of the Plaintiffs and against the Defendants.

## IV. DAMAGES

We turn now to the measure of damages. As authorized by the Copyright Act, Plaintiffs seek permanent injunctive relief, statutory damages for each of the claims of infringement, costs and reasonable attorney's fees. We note that Defendants' response fails to address the question of damages.

**Injunctive Relief**

Upon a finding of copyright infringement, a court may grant permanent injunctive relief "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502 (a). Where an establishment continues to provide unauthorized performances of copyrighted musical compositions, despite receiving notice of infringement and demands to cease such infringement, it displays a "willful disregard" of copyrights and should be permanently enjoined. *Broadcast Music, Inc. v. Niro's Palace, Inc.*, 619 F.Supp. 958, 963 (N.D. Ill. 1985).

We agree with the Plaintiffs that this is such a case. Defendants were repeatedly notified by letter that they needed to obtain permission for public performances of copyrighted

10

music. BMI offered to enter into a license agreement, but Defendants refused and continued presenting public performances of the BMI repertoire even after receiving notice to cease such activity. This Court will enter an order enjoining the Defendants from further public performance of Plaintiffs' musical compositions.

**Statutory Damages**

Under the Copyright Act, a plaintiff may elect an award of statutory damages "in a sum of not less than $750 or more than $30,000" per infringement, instead of an award representing actual damages. 17 U.S.C. § 504 (c) (1). Courts have wide discretion in determining statutory damages. 17 U.S.C. § 504 (c) (1); *F.W. Woolworth Co. v. Contemporary Arts, Inc.*, 344 U.S. 228, 231-32 (1952); *800 JR Cigar, Inc. v. GoTo.com, Inc.*, 437 F.Supp.2d 273 (D.N.J. 2006) (citing *Blendingwell Music, Inc. v. Moor-Law, Inc.*, 612 F.Supp. 474, 485 (D.Del. 1985)).

Where the copyright owner proves that the infringement was committed willfully, the court may increase the award to a sum of not more than $150,000. 17 U.S.C. § 504 (c) (2). Courts have found willful violation of the copyright laws where the infringer received notice of his legal responsibilities under the Copyright Act before the infringement occurred. *Swallow Turn Music v. Wilson*, 831 F.Supp. 575, 580 (E.D. Texas 1993) (citing *Chi-Boy Music v. Charlie Club, Inc.*, 920 F.2d 1224, 1227 (7th Cir. 1991)). Damages for willful misconduct reflect a need to deter future copyright violations as well as to compensate the plaintiffs. *Broadcast Music, Inc. v. DeGallo*, 872 F.Supp. 167, 169 (D.N.J. 1995). Where multiple works have been infringed, the statutory maximum may be assessed for each work. *Id.*

In this case, Defendants refused to enter into a licensing agreement and continued the performance of unlicensed compositions despite being repeatedly notified of the infringement and told to cease and desist. Accordingly, we find that Defendants' acts of infringement were willful.

Plaintiffs ask for an award of statutory damages in an amount not less than $3,000 per each of the fifteen acts of copyright infringement, for a total of $45,000. We conclude that

damages in this amount are fairly awarded, and are sufficiently punitive to encourage Defendants as well as other similar establishments to enter into licensing agreements and cease infringing performances.

**Fees and Costs**

A court may also award reasonable attorney's fees to the prevailing party in an action for copyright infringement. 17 U.S.C. § 505. We will award Plaintiffs their full costs and reasonable attorney's fees, and direct that they provide the Court with affidavits detailing the amount of time spent on this case, a proposed hourly rate, and any other costs and expenses incurred in litigating this matter.

## V. CONCLUSION

For the reasons set forth above, we find that the Defendants have willfully infringed the fifteen copyrighted compositions at issue in this case, and we find them jointly and severally liable for these infringements. Accordingly, we will grant Plaintiffs' motion for summary judgment and enter an order permanently enjoining Defendants from further infringement, and awarding damages in the amount of $3,000 per infringement, for a total of $45,000. We will award costs and reasonable attorney's fees after Plaintiffs have filed affidavits as directed. An appropriate Order follows.

Oct. 25, 2006
Date

Maurice B. Cohill, Jr.
Senior United States District Judge