IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BROADCAST MUSIC, INC. *et al.*,  )
　)
　　Plaintiffs,　)
　)
　　　v.　)　CA 04-1711
　)
MILLER ASSOCIATES, INC., d/b/a　)
AUGGIE'S ROADHOUSE, MICHAEL　)
MILLER and ROBERT RIZZO, each　)
individually,　)
　)
　　Defendants.　)

## OPINION

COHILL, D.J.

Before the Court is Plaintiffs' petition for an award of attorneys' fees and costs as the prevailing party in this litigation (Doc. 32 ). Defendant has not filed any objections to this petition. For the reasons set forth below, this petition will be granted. Attorneys' fees and costs in the amount of $10,629.50 will be awarded to the Plaintiffs as the prevailing party in this action.

### Background

Plaintiff Broadcast Music, Inc. ("BMI") filed this action for copyright infringement in violation of 17 U.S.C. § 101 *et seq.* on its own behalf and on behalf of the other Plaintiffs who own the copyrights on the musical compositions which are the subject of this lawsuit. Plaintiffs asserted claims against Miller Associates, Inc., d/b/a Auggies's Roadhouse, and individual Defendants Michael Miller and Robert Rizzo. Plaintiffs sought an injunction against further infringement, and statutory damages for each of fifteen copyright infringements, along with costs, fees, and interest.

Plaintiffs filed a motion for summary judgment on all claims on February 23, 2006. By Opinion and Order dated October 25, 2006, we granted summary judgment in favor of the Plaintiffs and against the Defendants on all claims, and ordered Plaintiffs to file an affidavit of attorneys' fees and costs. As directed, Plaintiffs now have filed the appropriate affidavit and

supporting documents.

## Applicable Legal Standard

In determining an award of attorneys' fees we use the "lodestar" formula, which requires that we multiply the number of hours reasonably expended on the litigation by a reasonable hourly rate, plus reasonable expenses. *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Loughner v. University of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001). We must articulate the basis for any fee award. *Pennsylvania Environ. Def. v. Canon-McMillan*, 152 F.3d 228, 232 (3d Cir. 1998).

## Fee Petition

Our starting point in determining the appropriate hourly rate is the attorney's usual billing rate. *Pennsylvania Environ. Def.*, 152 F.3d at 231, (citing *Public Interest Research Group of N.J., Inc. v Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995)).

Jonathan S. McAnney, Esquire was lead attorney on this case. Mr. McAnney is an experienced litigator, and we find that his standard hourly rate of $ 245.00 per hour is consistent with the present prevailing market rate for federal litigation by attorneys of his caliber. We find that the associate billing rate used for this case, which is $185.00 per hour, is reasonable as well.

The second component of the lodestar determination is calculating the time reasonably expended on this litigation. We are required to "review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Pennsylvania Env. Def.*, 152 F.3d at 232 (quoting *Windall*, 51 F.3d at 1188). We are directed to "reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed, that were distinct from the claims on which the party did succeed, and for which the fee petition inadequately documents the hours claimed." *Loughner*, 260 F.3d at 178. The party opposing the fee award has the burden of challenging the reasonableness of any requested fee. *Id.* (citing

*Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). It is clear that "[t]he district court cannot 'decrease a fee award based on factors not raised at all by the adverse party.'" *Id.*

BMI is the prevailing party in this litigation, having achieved success on each of its claims. Defendant has not challenged the reasonableness of Plaintiffs' affidavit of fees and costs.

The exhibits attached to Mr. McAnney's affidavit show that 50.2 hours were expended for legal services in this litigation, for a total of $10,165.50. Counsel for the Defendants has not objected to this calculation. We have carefully reviewed Plaintiffs' itemized fees, costs, and expenses, and find that the activities and legal services performed and the hours expended in this litigation were necessary to the relief granted. We see no excessive or duplicative fees, costs, or expenses. Indeed, most of the early work on this case was assigned to an associate attorney, and thus was billed at a lower rate. As BMI has prevailed on each claim, we need not reduce the listed fees or expenses by any effort expended on behalf of unsuccessful claims. For these reasons we conclude that 50.2 hours were reasonably spent on this litigation, and we accept Plaintiffs' attorneys' fees, costs, and expenses as itemized.

## Costs of Litigation

Plaintiffs have presented the itemized bills and receipts of costs incurred during this litigation, which total $464.00. After reviewing these submissions, we are satisfied that they are neither excessive nor duplicative, and we will award the Plaintiffs $464.00 for costs of suit.

## Conclusion

For the reasons set forth above, Plaintiffs' petition for an award of attorneys' fees and costs of suit (Doc. 32) will be granted. BMI shall be awarded attorneys' fees in the amount of $10,165.50, and costs in the amount of $464.00, for a total of $10,629.50. An appropriate Order follows.

*November 21, 2006*
Date

*Maurice B. Cohill Jr.*
Maurice B. Cohill, Jr.
Senior United States District Judge

3